IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON MCCARY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1566 |
| : | |
| JOSEPH TERRA, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                             **JULY 14, 2025**

      Plaintiff Cameron McCary, a convicted prisoner currently incarcerated at SCI Phoenix, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. Currently before the Court are McCary's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement.[1] (ECF No. 5.) McCary asserts claims against SCI Phoenix Superintendent Joseph Terra, Correctional Officer ("CO") White, CO Thomas, and Montgomery County. (Compl. at 4.) For the following reasons, the Court will grant McCary leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] McCary filed a second Prisoner Trust Fund Account Statement. (ECF No. 6.) It does not impact the Court's decision to grant McCary leave to proceed *in forma pauperis*.

I.      **FACTUAL ALLEGATIONS**[2]

The gravamen of McCary's claim is that he missed a schedule telephone call with an attorney when his request to be released from an extended count[3] was denied. McCary alleges that he was scheduled to receive a telephone call from an attorney identified as Mr. Goldstein who had expressed an interest in speaking with McCary about his pending civil cases. (Compl. at 5-6.) The call was scheduled for 1:35 p.m. on December 2, 2024. (*Id*. at 5.) At SCI Phoenix, count typically commences at 12:15 p.m. and clears at approximately 12:40 p.m., at which time inmates can resume normal movement. (*Id*.) On the day at issue, however, count did not clear until 1:40, after McCary's scheduled call. (*Id*.) At approximately 1:25, McCary told Defendant Thomas and the officer in the "bubble" in charge of answering the intercom and opening doors[4] that he had a conference scheduled at 1:35. (*Id*.) In response, they told him he was not going anywhere until count cleared. (*Id*.) He explained that he had to go to receive the call from the attorney, because he had no way of calling the attorney back because he had only the attorney's name, not his firm's name or his telephone number. (*Id*. at 5-6.) The officer in the bubble allegedly responded, "Oh, well." (*Id*. at 6.)

---

[2] The factual allegations set forth in this Memorandum are taken from McCary's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in McCary's pleading will be corrected for clarity.

[3] The Court understands "count" to refer to the process of accounting for inmates in a correctional facility, a routine procedure that is typically conducted several times a day to ensure that no inmate is missing.

[4] McCary claims not to know this officer's name (Compl. at 5) and did not include him as a John Doe defendant. In light of the Court's disposition of McCary's claims, the officer's identity is not relevant.

2

McCary alleges that a policy exists at SCI Phoenix whereby the officer was required to send an escort for him so that he did not miss his scheduled call. (*Id*.) He claims the officer in the bubble violated this policy, causing him to miss the scheduled call and possibly lose an opportunity to obtain legal representation in matters currently pending in this Court. (*Id*.) He also claims that "the prison" did not answer the telephone when the attorney called, did not explain McCary's absence, and did not instruct the attorney to call back, again causing him to lose an opportunity to obtain legal representation. (*Id*. at 7.) As a result of this conduct, McCary believes he may "potentially" have suffered a loss in that his ability to pursue his pending lawsuits will be hindered by the lack of legal representation. (*Id*. at 9.) He asserts First Amendment claims against the unnamed officer in the bubble. (*Id*. at 10.) He also asserts a claim against Terra based on his alleged failure to establish a policy to prevent the interference he experienced in receiving a scheduled call with counsel when count lasts longer than normal.[5]

---

[5] McCary also alleges that the room in which inmates conduct telephone conversations with attorneys is not soundproof or private. (Compl. at 9-10.) Even accepting this as true, it does not bear on McCary's claims because according to his Complaint, he was not able to take the call from Mr. Goldstein.

(*Id*. at 10-11.)  He seeks unspecified declaratory[6] and injunctive[7] relief and an award of money damages.  (*Id*. at 12.)

## II.   STANDARD OF REVIEW

The Court will grant McCary leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[8]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the

---

[6] McCary does not specify the nature of the declaratory relief he seeks. (*See* Compl. at 12.)  Of note, declaratory relief is unavailable to adjudicate past conduct, so to the extent McCary seeks a declaration that the conduct of the Defendants violated his rights, his request for this relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[7] McCary does not specify the nature of the injunctive relief he seeks. (*See* Compl. at 12.)  In light of the Court's disposition of his claims, McCary's request for injunctive relief will be denied.

[8] Because McCary is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because McCary is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.  DISCUSSION

McCary asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to

be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

### A.   Claims Against Montgomery County and White

Although he names them as Defendants, McCary does not include any factual allegations in his Complaint describing any conduct engaged in by White or any representative of or policy of Montgomery County that contributed to the alleged constitutional violation.  Accordingly, he has not stated a plausible claim against these Defendants and his claims against them must be dismissed.  *Rode*, 845 F.2d at 1207; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

### B.   Claim Based on Failure to Follow Policy

McCary alleges that he believes a policy exists at SCI Phoenix that required the officer in the bubble to obtain an escort for him to leave count and take the scheduled telephone call from Mr. Goldstein.  (Compl. at 6.)  He asserts that the officer's failure to follow this policy violated his First Amendment rights.  (*Id.*)  This claim is not plausible because failure of a prison official to act in accordance with prison policies does not give rise to a constitutional claim.  *See Singleton v. Lehigh Cnty.*, No. 24-0381, 2024 WL 1163526, at *4 (E.D. Pa. Mar. 18, 2024) (dismissing claim arising from alleged failure to comply with prison policy that resulted in inmate's slip and fall injury because "even taking as true that various LCJ policies were not complied with on the date in question, [ ] a violation of prison policy does not, on its own, equate to a constitutional violation"); *see also Grier v. Carney*, No. 21-3790, 2022 WL 180219, at *5 (E.D. Pa. Jan. 20, 2022) ("As many courts have held, corrections officials cannot be held liable for failing to conform to procedures outlined in inmate handbooks and other internal prison

procedures.") (citing *Bowman v. Wetzel*, Civ. A. No. 20-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) (citing cases)).  This claim will be dismissed with prejudice.

      C.     **Access to Court Claim**

McCary also asserts a claim for denial of access to the courts against Thomas and the unnamed officer in the bubble based on their failure to allow him to leave count to receive a telephone call from an attorney who professed an interest in his pending civil cases. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  This is because the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).  In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415.  "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. Moreover, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Shane v. Fauver*, 209 F. App'x 87, 89 (3d Cir. 2006) (*per curiam*) ("[T]he actual injury requirement is not met by every type of frustrated legal claim; constitutional protections are applied only to a prisoner's direct or collateral attack on his or her

7

sentence, or challenges to prison conditions"); *see also Lewis*, 518 U.S. at 355 (the inability to litigate claims other than an attack on a sentence or conditions of confinements "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").

McCary alleges that he may suffer from the inability to speak with an attorney and possibly obtain legal representation in that his ability to pursue pending lawsuits may be hindered and the lawsuits may be dismissed due to his inability to adequately present his claims. (Compl. at 9.) He identifies two civil actions currently pending in this Court: *McCary v. Simcox*, Civ. A No. 24-1922 (E.D. Pa.) and *McCary v. Wellpath*, Civ. A. No. 24-5137 (E.D. Pa.).[9] The former case has proceeded to service of process and several of McCary's claims survived a motion to dismiss the Complaint filed by the defendant. The latter case is subject to statutory screening. McCary does not explain how his inability to speak with an attorney who had not yet even agreed to represent him has resulted in his inability to pursue these claims. *See, e.g.*, *Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, at *3 (3d Cir Apr. 4, 2023) (*per curiam*) (holding that prisoner claiming "the destruction of his entire case file" did not state a denial of access claim where the missing documents would not have made any difference in the outcome of his underlying case); *Ross v. Clerk of Courts of the Court of Common Pleas of Philadelphia, Pa.*, No. 17-5012, 2017 WL 5505013, at *3 (E.D. Pa. Nov. 15, 2017) (inmate could not state a claim for denial of access to the courts when his petition for allowance of appeal was still pending before the Supreme Court of Pennsylvania because he still had an opportunity to present his claims), *aff'd on other grounds*, 726 F. App'x 864 (3d Cir. 2018) (*per curiam*).

---

[9] McCary has no right to counsel in these civil cases. *See Turner v. Abington/Jefferson Hosp.*, No. 21-565, 2021 WL 1339995, at *5 (E.D. Pa. Apr. 9, 2021) ("[I]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.") (*quoting Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)).

The continued pendency of the civil actions identified by McCary is fatal to his claim, which will be dismissed with prejudice.

### C. Claim Against Terra

McCary asserts a claim against Terra in his capacity as Warden based on his alleged failure to implement a policy to prevent interference with an inmate's communications with counsel because of an overlong count. It is not necessary to consider whether this claim is plausible, because a supervisory liability claim requires "a showing that there was an actual constitutional violation at the hands of subordinates" before finding liability on the part of the supervisor. *Allen v. Eckard*, 804 F. App'x 123, 127 (3d Cir. 2020) (*per curiam*) (concluding that failure to train and supervise claims asserted against supervisor defendants were meritless where the plaintiff failed to make a plausible showing of an underlying constitutional violation). In light of the dismissal of McCary's access to courts claims, his derivative supervisory liability claim is not plausible. This claim will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant McCary leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because amendment would be futile.

An appropriate Order follows.

BY THE COURT:

/s/ John Milton Younge
_____
**JOHN M. YOUNGE, J.**